FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 06, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ENRIQUE RAMIREZ-FLORES,<br><br>Defendant. | NO: 2:18-CR-93-RMP<br><br>ORDER DISMISSING INDICTMENT FOR SPEEDY TRIAL ACT VIOLATION |

BEFORE THE COURT is Defendant's oral motion to dismiss the indictment under the Speedy Trial Act. Defendant made this motion at a hearing held on October 30, 2018 before this Court. Defendant Enrique Ramirez-Flores, who was present and in custody, was represented by Assistant Federal Defender Miles Pope. Assistant United States Attorney Matthew Duggan represented the Government. The Court directed the parties to submit briefing on the Defendant's oral motion for dismissal. The Court has reviewed the parties' arguments and briefing, and is fully informed.

ORDER DISMISSING INDICTMENT FOR SPEEDY TRIAL ACT VIOLATION ~ 1

## BACKGROUND

On May 30, 2018, United States Border Patrol Agent Brian W. Abbink entered a criminal complaint, alleging that Defendant had violated 8 U.S.C. § 1326 by reentering the country following a prior deportation. ECF No. 1. An arrest warrant was issued for Defendant, who was captured on May 31. ECF No. 14. Following an initial appearance in front of Magistrate Judge John T. Rodgers, ECF No. 9, Defendant was indicted for reentering the country following a prior deportation. ECF No. 16. The grand jury returned the indictment on June 5, 2018. *Id.*

Defendant's jury trial was originally set for August 6, 2018. ECF No. 25. On June 28, 2018, Defendant filed a motion to continue, asking the Court to move his trial to October to give Defendant's counsel additional time to prepare. *Id.* On July 3, 2018, the Court granted Defendant's motion, and set the trial for October 9, 2018. ECF No. 35. In this motion, Defendant waived speedy trial time from August 6, 2018, to October 9, 2018. ECF No. 34. The Court accepted this waiver and held that the time between August 6, 2018, and October 9, 2018, was excludable time under the Speedy Trial Act. ECF No. 35 at 7.

Defendant was granted pre-trial release on June 14, 2018. ECF No. 30. Judge Rodgers imposed the standard pre-trial release conditions on Defendant, including the requirements to advise the Court and all counsel of any change of address and report to the United States Probation Office as often as Probation directs. *Id.* at 3.

ORDER DISMISSING INDICTMENT FOR SPEEDY TRIAL ACT VIOLATION~2

On August 17, 2018, United States Pretrial Services Officer Stephen Krous advised the Court that Defendant was in violation of these two pre-trial release conditions. ECF No. 36. Officer Krous stated that Defendant had moved from his listed address without notifying anyone, and that Defendant failed to make contact with Probation on a weekly basis, as Probation had directed. *Id.* An arrest warrant was issued for Defendant. ECF No. 37.

The Court held a pretrial conference hearing in this case on September 25, 2018. ECF No. 38. Defendant was still in fugitive status. *Id.* Because of the uncertainty as to when Defendant would be captured, the Court struck Defendant's trial date of October 9, 2018. ECF No. 39. Defendant was captured on October 17, 2018. ECF No. 45.

This Court held a hearing following Defendant's capture on October 30, 2018. ECF No. 48. At this hearing, Defendant made an oral motion to dismiss the indictment for violation of the Speedy Trial Act. ECF No. 48. The Court reserved its ruling on the motion and ordered the parties to submit briefing on the issue. *Id.*

**STATUTORY SCHEME**

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, guarantees that a federal defendant's criminal trial will begin within seventy days of the public filing of the indictment. 18 U.S.C. § 3161(c)(1). However, only "non-excludable" time is counted towards the defendant's seventy-day clock. *See* 18 U.S.C. § 3161(h). The

Act provides several circumstances in which certain time is excluded from the calculation. *Id.*

First, time in which a pretrial motion is pending before the Court is excluded. 18 U.S.C. § 3161(h)(1)(D). Second, any period of time in which the defendant is absent or unavailable, including time in which the defendant is avoiding apprehension, is excludable. 18 U.S.C. § 3161(h)(3). Third, the defendant can waive time under the Act, making such time excludable, if the defendant shows the court that such delay serves the ends of justice and outweighs the interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7).

Certain acts by the defendant can also add time to the defendant's speedy trial calculation. If the defendant is absent "on the day set for trial," and the defendant appears before the court within 21 days of the day set for trial, the court must add 21 days to the defendant's Speedy Trial Act calculation. 18 U.S.C. § 3161(k)(2).

If a defendant's trial has not commenced within the seventy days, including all exclusions and additions, "the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3262(a)(2). The district court has discretion in determining whether the dismissal will be with or without prejudice. *Id.* In choosing whether to dismiss with or without prejudice, the district court shall consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id.*

## DISCUSSION

Defendant made an oral motion at a hearing on October 30, 2018, to dismiss the indictment for a violation of the Speedy Trial Act. ECF No. 48. The Court first determines whether Defendant's Speedy Trial time has expired.

*Calculation of Speedy Trial Time*

Both parties presented the Court with their calculation of Defendant's Speedy Trial time. ECF Nos. 50 & 51.[1] The Government argues that, absent any potential additional time from section 3161(k)(2), Defendant's Speedy Trial time would expire on November 11, 2018. ECF No. 51 at 5. Defendant argues that his Speedy Trial time expired on October 30, 2018. ECF No. 50 at 3.

The Speedy Trial Act's seventy-day timer begins on the date of the public filing of the indictment or the date on which the Defendant appears for the first time before a judicial officer of the court in which the charge is pending, whichever event later occurs. 18 U.S.C. § 3161(c)(1). Here, Defendant made his first appearance in this district before Judge Rodgers on May 31, 2018. ECF No. 8. Defendant's indictment was filed and made public on June 5, 2018. ECF No. 16. Therefore, Defendant's Speedy Trial time began on June 5, 2018.

---

[1] The Government originally filed its memorandum on the Speedy Trial Act issue at ECF No. 49. However, the Government thereafter filed a Praecipe. ECF No. 51. For the purposes of this order, the Court will reference the Government's Praecipe as its memorandum on the issue.

ORDER DISMISSING INDICTMENT FOR SPEEDY TRIAL ACT VIOLATION~5

Defendant filed a motion to continue on June 28, 2018. ECF No. 32. The Court issued an order on Defendant's motion on July 3, 2018. ECF No. 35. The time in which a pretrial motion is pending before the Court is excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D). Therefore, the time between June 28 and July 3 is excludable time.

Defendant's motion to continue included a waiver of speedy trial time from August 6, 2018, to October 9, 2018. ECF Nos. 32 & 34. The Court found that the ends of justice served by granting the continuance outweighed the best interests of the public and Defendant in a speedy trial. ECF No. 35 at 1. A period of delay from a continuance granted by the Court is excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7). Therefore, the time between August 6 and October 9 is excludable time.

Defendant was unavailable and avoiding apprehension from August 17, 2018, to October 17, 2018. An arrest warrant was issued on August 17 for Defendant's pre-trial release condition violations. ECF Nos. 36 & 37. Defendant was captured on October 17. ECF No. 45. The time in which a defendant is unavailable because he is attempting to avoid apprehension is excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(3). Therefore, the time between August 17 and October 17 is excludable time.

With Defendant's excludable time accounted for, the Court calculates Defendant's Speedy Trial time under the Act as follows:

ORDER DISMISSING INDICTMENT FOR SPEEDY TRIAL ACT VIOLATION~6

- June 5, 2018 – Defendant's Speedy Trial Time begins because Defendant's indictment is filed and made public, which occurs later than his first appearance before a judicial officer of this district. 18 U.S.C. § 3161(c)(1).

- June 28, 2018 – Defendant's Speedy Trial Time pauses. Defendant filed a motion to continue his trial, pausing the Speedy Trial clock. 18 U.S.C. § 3161(h)(1)(D). As of June 28, **23 days** of Speedy Trial Time had elapsed.

- July 3, 2018 – Defendant's Speedy Trial Time resumes. The Court issued an order on Defendant's Motion to Continue. As of July 3, **23 days** of Speedy Trial Time had elapsed.

- August 6, 2018 – Defendant's Speedy Trial Time pauses. The Court granted Defendant's motion to continue the trial date, which included a waiver of Speedy Trial Time from August 6 to October 9. 18 U.S.C. 3161(h)(7). As of August 6, **57 days** of Speedy Trial Time had elapsed.

- October 9, 2018 – Defendant's waiver of Speedy Trial Time ends, but the time remains paused. Defendant is absconding and avoiding apprehension, and an arrest warrant is outstanding. ECF Nos. 36 & 37. If the Defendant is avoiding apprehension, the time in which he is unavailable is excluded. 18 U.S.C. § 3161(h)(3). Therefore, Defendant's Speedy Trial Time remains paused until he is captured. As of October 9, **57 days** of Speedy Trial Time had elapsed.

ORDER DISMISSING INDICTMENT FOR SPEEDY TRIAL ACT VIOLATION~7

- October 17, 2018 – Defendant's Speedy Trial Time resumes. Defendant is captured on the arrest warrant and is no longer unavailable. As of October 17, **57 days** of Speedy Trial Time had elapsed.
- October 30, 2018 – Defendant's Speedy Trial Time elapses. Defendant had 13 days of Speedy Trial Time remaining when he was captured. Therefore, Defendant's trial should have started on October 30, 2018. As of October 30, **70 days** of Speedy Trial Time had elapsed.

Defendant's Speedy Trial Time elapsed on October 30, 2018. Defendant's trial did not begin on October 30, 2018. Therefore, absent any additional time added to Defendant's Speedy Trial Time, the Court must dismiss the indictment against Defendant. *See* 18 U.S.C. § 3162(a)(2) ("If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.").

*Application of Subsection 3161(k)(2)*

The Government argues that subsection 3161(k)(2) applies because Defendant was absent on the day originally set for trial, October 9, 2018, thereby adding 21 days to his Speedy Trial Time. ECF No. 51 at 3. Defendant argues that subsection 3161(k)(2) does not apply because the Court struck Defendant's trial date of October 9, 2018, on September 25. ECF No. 50 at 5–6. Thus, Defendant argues that he was not absent on the day set for trial. *Id.*

Subsection 3161(k)(2) states:

> If the defendant is absent (as defined by subsection (h)(3)) on the day set for trial, and the defendant's subsequent appearance before the court on a bench warrant or other process or surrender to the court occurs not more than 21 days after the day set for trial, the time limit required by subsection (c), as extended by subsection (h), shall be further extended 21 days.

18 U.S.C. § 3161(k)(2).

To start, the parties do not dispute whether Defendant was absent on October 9, 2018. Defendant was absconding, a warrant was issued for his arrest, and he was captured on October 17. ECF Nos. 37 & 45. Further, the parties do not dispute that Defendant's subsequent appearance before the court occurred within 21 days of October 9. Defendant appeared in front of Judge Rodgers on October 19 and this Court on October 30. ECF Nos. 42 & 48.

However, the parties do dispute the interpretation of the phrase "on the day set for trial." Under the Government's interpretation of the phrase, October 9 is "the day set for trial" even though this Court struck that trial date on September 25. ECF No. 51 at 3. Under the Defendant's interpretation of the phrase, there was no "day set for trial" because this Court struck the October 9 trial date on September 25. ECF No. 50 at 5.

The Court could not find case law in this circuit directly on point or interpreting the phrase "on the day set for trial" in subsection 3161(k)(2). A review of cases regarding other subsections or from other circuits is informative, but not dispositive. Some courts are unclear as to their procedural posture in applying a

ORDER DISMISSING INDICTMENT FOR SPEEDY TRIAL ACT VIOLATION~9

similar subsection of the Speedy Trial Act, subsection 3161(k)(1). *See, e.g.*, *United States v. Holloway*, 43 F.3d 712 (Table) (D.C. Cir. 1994) (unpublished). Other courts applying subsection (k)(1) applied it when the defendant failed to appear at the defendant's trial as it was scheduled. *See United States v. Rice*, 776 F.3d 1021, 1026 (9th Cir. 2015) (applying subsection (k)(1) because defendant failed to appear for trial); *United States v. Davis*, No. 2:09-CR-78 JCM (RJJ), 2012 WL 2995684, at *1–2 (D. Nev. July 23, 2012) (unpublished) ("However, defendant subsequently did not appear for . . . the June 21, 2010, trial."); *United States v. Ochoa-Calderon*, No. 8:11-CR-40, 2012 WL 1805074, at *1–2 (D. Neb. May 17, 2012) (unpublished) ("On October 11, 2011, the defendant failed to appear for his jury trial and the court issued a bench warrant for his arrest."); *United States v. Greo*, No. 85-CR-961 (JFK), 1994 WL 163923, at *1–2 (S.D.N.Y. Apr. 25, 1994) (unpublished) ("Defendant failed to appear for trial and a bench warrant was issued for this arrest."). None of these cases addressed whether a defendant could be absent "on the day set for trial" if the trial date was stricken before the date occurred and Defendant was absent on the originally-set date.

Without direction from case law, the Court turns to statutory interpretation. To interpret the meaning of a statute, the district court first looks to the language of the statute to determine whether the statute has a plain meaning. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009). The "inquiry begins with the

statutory text, and ends there as well if the text is unambiguous." *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004).

Looking at the language of subsection 3161(k)(2), the phrase "on the day set for trial" is unambiguously present tense. 18 U.S.C. § 3161(k)(2). Because the phrase is present tense, it refers to the day currently set for trial, not a day previously set for trial. Had Congress wanted subsection 3161(k)(2) to apply to any date previously set for trial, they could have phrased the subsection accordingly. Instead, Congress chose to phrase the statute in the present tense, "on the day set for trial." Therefore, interpreting subsection 3161(k)(2), the Court concludes that the phrase "on the day set for trial" refers to the day currently set for trial, and not a day that had been set for trial sometime earlier in the proceedings.

The Court first set Defendant's trial to begin on August 6, 2018. ECF No. 25. The Court struck the August 6 trial date and reset it to October 9 due to a continuance filed by Defendant. ECF No. 35. The Court subsequently struck the October 9 trial date and did not reset a new date. ECF No. 39. Applying the Court's interpretation of subsection 3161(k)(2) to this case, when Defendant was absent on October 9, 2018, he was not absent on "the day set for trial," because there was no day set for trial.

The Court concludes that subsection 3161(k)(2) does not apply to Defendant because he was not absent on the day set for trial. The Court will not add 21 days to

Defendant's Speedy Trial Time.  Therefore, Defendant's Speedy Trial Time expired on October 30, 2018.

Upon the expiration of Defendant's Speedy Trial Time, if no trial is commenced, then "the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2).  The Defendant made an oral motion to dismiss at the October 30 hearing.  ECF No. 48.  Accordingly, the Court dismisses the indictment against Defendant.  The remaining question is whether this indictment is dismissed with or without prejudice.

*Dismissal With or Without Prejudice*

Defendant argues that his indictment should be dismissed with prejudice because Defendant's charge is a nonviolent class D felony and dismissal without prejudice would be unjust because Defendant would be held in custody by Immigration and Customs Enforcement ("ICE") until the Government obtained a new indictment.  ECF No. 50 at 6–8.

The Speedy Trial Act gives the district court discretion to dismiss an indictment for a Speedy Trial Act violation with or without prejudice.  18 U.S.C. § 3162(a)(2).  In deciding whether to dismiss with or without prejudice, the district court must consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id.* Additionally, the court should consider the prejudice to the defendant.  *United States*

*v. Taylor*, 487 U.S. 326, 333–34 (1988). Before dismissing with or without prejudice under the Speedy Trial Act, the district court must make specific factual findings as to each of these factors. *Id.* at 343–44.

For the following reasons, and considering the factors in subsection 3262(a)(2) and *Taylor*, the Court is inclined to dismiss the indictment without prejudice for the following reasons.

The first factor guiding whether a court should dismiss an indictment with or without prejudice is the seriousness of the offense. 18 U.S.C. § 3162(a)(2). "In determining the seriousness of reentry after deportation cases, Congress looks to whether the defendant had prior felonies before he was originally deported." *United States v. Alvarez-Perez*, 629 F.3d 1053, 1062–63 (9th Cir. 2010). Sentences for illegal reentry convictions are longer when the prior felonies were aggravated felonies. *Id.* "Illegal reentry after a felony conviction is a moderately serious offense." *United States v. Pena-Carrillo*, 46 F.3d 879, 882 (9th Cir. 1995). A conviction that carries a maximum penalty of five years is considered serious within the context of the Speedy Trial Act. *United States v. Lewis*, 611 F.3d 1172, 1180 (9th Cir. 2010).

Defendant is charged by his indictment with illegal reentry into the United States. ECF No. 16; *see also* 8 U.S.C. § 1326(a). A conviction under section 1326 carries a statutory maximum sentence of two years imprisonment. *Id.* However, if the conviction of illegal reentry follows conviction of other certain crimes, such as

crimes against the person, drug offenses, or aggravated felonies, the statutory maximum sentence is increased to either ten or twenty years. 8 U.S.C. § 1326(b). The Court is aware from the pretrial services report that Defendant's criminal history may increase Defendant's statutory maximum sentence if he were convicted under section 1326. *See* 8 U.S.C. § 1326(b). Thus, Defendant's offense is a serious offense, and weighs in favor of dismissal without prejudice.

The second factor a district court must consider is the facts and circumstances of the case that led to dismissal of the indictment under the Speedy Trial Act. 18 U.S.C. § 3162(a). The court should look at the length of time the defendant has been awaiting trial. *Alvarez-Perez*, 629 F.3d at 1063. Additionally, if the underlying case was complex and demanded intense preparation for trial, the second factor weighs in favor of dismissal without prejudice. *Lewis*, 611 F.3d at 1180.

The second factor weighs in favor of dismissal without prejudice. First, Defendant has been awaiting trial for only five months since being indicted on June 5. ECF No. 16. Further, the Court recognizes that Defendant played a pivotal role in the expiration of his Speedy Trial Time by absconding for two months. Defendant was avoiding apprehension for two months between August 17 and October 17. ECF Nos. 37 & 45 (arrest warrant issuance and execution of arrest warrant). Because of Defendant's fugitive status, this Court struck Defendant's trial date. ECF No. 39. Had Defendant not avoided custody, this Speedy Trial Act issue likely would not have occurred. The Court is hesitant to give Defendant the benefit

ORDER DISMISSING INDICTMENT FOR SPEEDY TRIAL ACT VIOLATION~14

of the Speedy Trial Act violation in dismissing the indictment with prejudice when the Defendant's conduct is a major factor as to why the Act was violated in the first place. Therefore, the Court concludes that the second factor weighs in favor of dismissal without prejudice.

The third factor that the district court must consider in choosing whether to dismiss the indictment with or without prejudice is the impact of a reprosecution on the administration of justice. 18 U.S.C. 3162(a). When evaluating the third factor, the district court should consider whether the Speedy Trial Act violation was a result of any purposeful wrongdoing by the prosecutor. *Pena-Carrillo*, 46 F.3d at 882. While the district court cannot dismiss an indictment with prejudice solely to "send a strong message to the Government that unexcused delays will not be tolerated," it can be one of several considerations that influences a decision to dismiss with prejudice under the third factor. *Taylor*, 487 U.S. at 343.

Here, there is no evidence of wrongdoing by the prosecutors. The Court concludes that the third factor of subsection 3162(a) weighs in favor of dismissing the indictment without prejudice.

Last, the district court should consider the prejudice to the defendant. *Taylor*, 487 U.S. at 333–34. However, prejudice to the defendant should not be the dispositive factor in the section 3162 analysis. *Id.* Here, Defendant argues a dismissal without prejudice would disadvantage him because Defendant will be held in ICE custody until the Government decides to reprosecute. ECF No. 50 at

8. The Court recognizes the disadvantage to the Defendant that will result from dismissal without prejudice. However, given the strength of the other factors weighing in favor of dismissal without prejudice and the fact that there is a detainer on Defendant, the Court concludes that dismissal without prejudice is proper.

The Court acknowledges that the parties may want to be heard in this matter regarding whether the dismissal should be with or without prejudice. Accordingly, the Court reserves its ruling on the decision as to whether to dismiss the indictment with or without prejudice for five days. If either party wishes to be heard on this issue, that party shall file an objection with this Court within 48 hours of the entry of this order, stating a desire to be heard and noting a time for the hearing. If neither party files an objection within 48 hours of the entry of this Order, the Court will enter an order dismissing the indictment without prejudice.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's oral motion to dismiss the indictment for a Speedy Trial Act violation is **GRANTED**.

2. The Court's ruling on whether Defendant's indictment is dismissed with or without prejudice is **RESERVED**. If either party wishes to be heard on the issue of whether the indictment should be dismissed with or without prejudice, the

party shall file an objection with a notice for hearing within 48 hours of the entry of this order.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** November 6, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DISMISSING INDICTMENT FOR SPEEDY TRIAL ACT VIOLATION~17